UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC LIFE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>ESTATE OF DOUGLAS W. DELANEY, et al.,<br><br>Defendants-in-Interpleader. | Case No. 4:26-cv-01575-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE BY PUBLICATION AND FOR EXTENSION OF SERVICE DEADLINE**<br><br>Re: Dkt. No. 11 |

On April 28, 2026, Plaintiff-in-Interpleader Pacific Life Insurance Company ("Pacific Life") filed a motion for leave to serve Defendant-in-Interpleader Mina Suzuki by publication pursuant to 28 U.S.C. § 1655, and for an extension of the service deadline. (Mot., Dkt. No. 11.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Pacific Life's motion for service by publication and request to extend the service deadline.

## I.    BACKGROUND

On February 23, 2026, Pacific Life filed this interpleader action in federal court. (Compl., Dkt. No. 1.)  This action involves a dispute over the proper beneficiary of the death benefits of an annuity with two competing claimants: one claimant resides in the State of California and has been served, while the other, Defendant-in-Interpleader Mina Suzuki ("Suzuki"), is a citizen and resident of Japan. (Mot. at 1.)  Suzuki has not been served. *Id.*

On August 2, 2019, Pacific Life issued annuity contract no. FA19975190 (the"Annuity") to Douglas W. Delaney ("Decedent") as the owner and annuitant. (Decl. of Elizabeth Swanda, "Swanda Decl.," Dkt. No. 11-1 ¶ 2; Contract, Swanda Decl. ¶ 2, Ex. A.)  The Contract permitted

United States District Court
Northern District of California

Decedent to name a beneficiary, and he designated "Mina Suzuki," his "friend," as the sole primary beneficiary. (Contract at 41.)

On April 10, 2022, Decedent died. (Swanda Decl. ¶ 4, Ex. B.)  Decedent is survived by his son, Christopher Kaye ("Kaye"), who is the personal representative and Administrator of the Estate of Douglas W. Delaney ("Estate"), also a named Defendant-in-Interpleader in this action. (Swanda Decl. ¶ 4, Ex. C.)  As of the date of Decedent's death, benefits under the Contract were payable in the amount of $356,895.46 ("Contract Benefits"). (Swanda Decl. ¶ 3.)

Following Decedent's death, Kaye and his counsel contacted Pacific Life regarding concerns that Suzuki unduly influenced Decedent to give her money and name her as the beneficiary of the Contract Benefits. (Swanda ¶ 5, Ex. D.)  Kaye informed Pacific Life that Suzuki had reached out to him and requested that Kaye transfer all funds to her. *Ids.*

Pacific Life made numerous efforts to contact Suzuki directly.  Although Suzuki was residing in Japan, Decedent's beneficiary designation form listed his personal address in Sebastopol, California as Suzuki's address. (*Compare* Contract at 31 and 41.)  No other contact information was provided for Suzuki. *See ids.*  Pacific Life has investigated this address and found that Suzuki is not associated with this address. (Murray Decl. ¶ 3.)

According to the information provided to Pacific Life by Kaye, Suzuki was a citizen of Japan, and while she lived in California at one time with her ex-husband, James Bliss, she returned to Japan sometime in 2015 after her divorce the year prior, and all indications are that she has remained in Japan since that time. (Swanda Decl., Ex. D at 53-56.)  This included the fact that Decedent made regular wire transfers to Suzuki via a Tokyo-based bank from sometime in 2015 through 2022, and in 2022 Suzuki advised Kaye that she could not return to United States for Decedent's funeral in 2022 due to Covid vaccine restrictions. (Swanda Decl., Ex. D at 57-61.)

All of Pacific Life efforts to locate and contact Suzuki in the United States have failed. These efforts included mailing claim forms for Suzuki to complete and return to Decedent's address as listed on the 2019 beneficiary designation on February 21, 2023, July 25, 2024, and May 2, 2025. Pacific Life did not receive any response. (Swanda Decl. ¶ 6 and Exs. E, F, G.)  On May 21, 2025, Pacific Life sent a letter to Suzuki's ex-husband's address, but it did not receive a

United States District Court
Northern District of California

response. (Swanda Decl. ¶ 7, Ex. H.)

In August 2025, Pacific Life attempted to reach Suzuki via email to the email address Suzuki used to communicate with Kaye, but Suzuki did not respond to that email. (Swanda Decl. ¶ 8.) On October 28, 2025, counsel for Pacific Life conducted a Westlaw PeopleMap search, which did not locate a current address for Suzuki in the United States. (Murray Decl., ¶ 3.) The last known address in California was the address connected to Suzuki's ex-husband, which Pacific Life had mailed a letter to five months prior. (*See* Murray Decl. ¶ 3; *see also* Swanda Decl. ¶ 7.) *Id.* On October 29, 2025, counsel for Pacific Life hired a private investigator—Mega Group Private Investigations, Inc.—to locate a current address based on Suzuki's SSN and DOB. (Murray Decl. ¶ 4.) On October 31, 2025, Mega Group reported that no current addresses could be found, and no other contact information, such as telephone numbers or emails, could be located either. *Id.* Mega Group opined that it did not appear that Suzuki was located in the United States. *Id.*

On December 11, 2025, counsel for Pacific Life hired a second private investigator that specialized in international locates—Diligence International Group, LLC—to locate Suzuki in Japan using her known bank account in Tokyo. (Murray Decl. ¶ 5.) On January 23, 2026, Diligence International issued a final report documenting its efforts and remarking no address could be obtained, due in part to a change in banking protocols and Japanese privacy law. *Id.* No other viable means were offered to locate Suzuki in Japan. *Id.*

After being unable to locate Suzuki, Pacific Life filed this interpleader action in federal court. (*See* Compl., Dkt. No. 1.) On April 28, 2026, Pacific Life filed the instant motion to serve by publication and to extend the service deadline. (Mot., Dkt. No. 11.) Defendant-in-Interpleader Estate of Douglas W. Delaney ("Estate") has consented to the relief requested. (Dkt. No. 18.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) permits an individual to be served outside of the United States by any means not prohibited by international agreement, as the court orders. Fed. R. Civ. P. 4(f)(3). Where the defendants cannot be found or are outside the United States, courts have permitted constructive service under 28 U.S.C. § 1655. *Glob. Discoveries, Ltd. v. Realtec,*

3

United States District Court
Northern District of California

*Ltd.*, No. 12-CV-05186 NC, 2013 WL 4377766, at *3 (N.D. Cal. Aug. 13, 2013). Section 1655 permits the district court to order any defendants that cannot be served within the State "to appear or plead by a date certain." 28 U.S.C. § 1655.  That order

> shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

*Id.*  An application "to permit service by publication under 28 U.S.C. § 1655 must be accompanied by a declaration setting forth facts demonstrating that personal service on the defendants is not practicable." *Glob. Discoveries, Ltd.*, 2013 WL 4377766, at *3.

### III.    DISCUSSION

Plaintiff-in-Interpleader Pacific Life moves to permit service by publication on Defendant-in-Interpleader Mina Suzuki, who is believed to reside in Japan, and to also extend the service deadline to accommodate the publication procedures set forth in 28 U.S.C. § 1655. (Mot. at 1.)

#### A.    Service by Publication is Appropriate

Pacific Life contends that service by publication is appropriate under the circumstances, because personal service is not practicable. (Mot. at 6.)  Service by publication is appropriate under Section 1655 when the party provides a declaration explaining why personal service is not practicable, the manner of service is permitted by Rule 4(f), and the publication selected is reasonably calculated to provide actual notice of the pending action. *See Glob. Discoveries, Ltd.*, 2013 WL 4377766, at *3-4.  As discussed below, Pacific Life has made the requisite showing.

##### i.    Diligence Inquiry

As discussed above, Pacific Life has provided two supporting declarations describing the search undertaken for Suzuki. *See* discussion, *supra,* Part I (citing the Swanda and Murphy declarations).  Through those efforts, Pacific Life determined that Suzuki was a citizen of Japan, and she has resided there since 2015 with no attempt to return to the United States. (*See* Murray Decl. ¶ 5.)  Pacific Life's efforts to locate and communicate with Suzuki included sending letters and emails to all of her known addresses and those she was previously associated with, searching databases, and hiring two private investigation firms. (*See* Swanda Decl. ¶¶ 6-8; Murray Decl. ¶¶

United States District Court
Northern District of California

2-5.)  The second private investigator, Diligence International Group, LLC, specialized in international locates, and attempted to locate Suzuki in Japan using the known bank account in Tokyo to which Decedent had previously wired funds. (Murray Decl. ¶ 5.)  Despite these efforts, Diligence International could not obtain a physical address, due in part to a change in banking protocols and Japanese privacy law. *Id.*  Diligence International identified no other viable ways to locate Suzuki in Japan. *Id.*  While personal service is strongly preferred to service by publication, Pacific Life's efforts to physically locate Suzuki were sufficiently diligent for the Court to find that personal service is not practicable under the circumstances.

### ii.      Service by publication does not violate the Hague Convention.

Next, Pacific Life contends that service by publication is permitted under Section 1655 "notwithstanding the fact that Japan is a signatory to the Hague Convention on Service of Process" because the Convention does not apply if the address of the person is not known. (Mot. at 6-7.) Indeed, Article 1 explicitly states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known. *Convention Done at the Hague Nov. 15, 1965,* art. 1*;*, T.I.A.S. No. 6638 (Feb. 10, 1969).  Since the Hauge Convention does not apply, the Court finds that service by publication is not prohibited by international agreement as required by Rule 4(f)(3).

### iii.     Yomiuri Shimbun – Tokyo Morning Edition is an appropriate publication

Finally, Pacific Life proposes publishing the Notice once per week for six consecutive weeks in the Yomiuri Shimbun – Tokyo Morning Edition. (Mot. at 8.)  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950) (citations omitted).  When serving by publication it is essential that the publication be one that is likely to provide actual notice. *Glob. Discoveries, Ltd.*, 2013 WL 4377766, at *4 (quoting *Mullane,* 339 U.S. at 314) ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.")

The Associated Press describes the Yomiuri Shimbun as "Japan's leading national newspaper." (Mot. at 8.) (citing The Associated Press, *Partners: The Yomiuri Shimbun*, https://www.ap.org/partners/the-yomiuri-shimbun/ (last accessed April 4, 2026)). Without providing its source, Pacific Life asserts that the Tokyo Morning edition has an estimated circulation of 3.8 million per day. (Mot. at 8.)  As recently as 2025, Yomiuri Shimbun reported that its Tokyo Morning Edition had a circulation of more than 4 million per day, which, the Court notes, was significantly higher than the Evening Edition. The Yomiuri Shimbun, *Media Data 2024-2025,* https://adv.yomiuri.co.jp/m-data/english/download/Media%20Data_The%20Yomiuri%20Shimbun.pdf (last visited Jun. 8, 2026). Thus, the Court finds that the Tokyo Morning Edition is likely to provide notice.

Accordingly, the Court finds that good cause exists to serve Suzuki by publication pursuant to 28 U.S.C. § 1655, as personal service is not practicable under the circumstances, and the publication selected is reasonably calculated to provide actual notice.

**B.    Extension of the Service Deadline**

Finally, the Court grants Pacific Life's request to extend the service deadline to accommodate the requisite six-week publication schedule set forth in 28 U.S.C. § 1655. (Mot. at 8-9.)  The service deadline is extended to October 23, 2026.[1]

### IV.    CONCLUSION

For the reasons set forth above, Pacific Life's motion to serve by publication and to extend the service deadline is GRANTED as follows:

1.    The Court approves the following notice for publication:

**United States District Court
for the Northern District of California**

*Pacific Life Insurance Company v. Estate of Douglas W. Delaney, Mina Suzuki,
and Does 1 through 10, inclusive*

Case No. 4:26-cv-01575-KAW

**Attention:** Mina Suzuki, also known as Mina Hirata

---

[1] If Pacific Life requires any further extensions, those requests may be made by administrative motion pursuant to Civil Local Rule 7-11, rather than by a noticed motion.

*United States District Court
Northern District of California*

A lawsuit has been filed against you in a court of the United States of America. The lawsuit seeks to determine the proper beneficiary for an annuity owned by Douglas W. Delaney, who is now deceased. The amount of funds at issue in the lawsuit exceeds $350,000.00.

No later than [21 days after _the date of last scheduled publication], you must serve on the plaintiff an answer to the plaintiff's complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

Misty A. Murray
Maynard Nexsen LLP
2121 Avenue of the Stars, Suite 650
Los Angeles, CA 90067
United States of America

To obtain a copy of the complaint, please contact plaintiff's attorney by mail at the above address or by email at misty.murray@maynardnexsen.com.

You must also file your answer or motion with the court. All filings must include your name, contact information, email address, and the case name and case number. To file, you may either follow the electronic-filing instructions online (https://cand.uscourts.gov/cases-e-filing/cmecf-information) or mail your filing to:

U.S. District Court for the Northern District of California
1301 Clay St., Suite 400S
Oakland, CA 94610
United States of America
Attn: Hon. Kandis A. Westmore

If you fail to respond by filing your motion or answer with the District Court, judgment by default will be entered against you for the relief demanded in the complaint.

2.     Pacific Life shall obtain a translation of the above Notice into the Japanese language from a certified translator.

3.     Pacific Life shall publish the Notice once a week for six consecutive weeks in the Yomiuri Shimbun – Tokyo Morning Edition.

4.     In addition to publication in the Yomiuri Shimbun, Pacific Life will also send the Complaint, Summons, and above Notice via mail to the following address previously associated with Suzuki through her ex-husband: 1501 S. Novato Boulevard, Apt. 2, Novato, CA 94947, as well as the following email: jimbliss@ix.netcom.com. The Notice shall be provided in both English and Japanese.

5.     Additionally, Pacific Life shall email the notice (in both English and Japanese) and the Complaint and Summons to Suzuki's known email address(es).

United States District Court
Northern District of California

6.      Once the last publication of the Notice has been completed, in addition to a certificate of service, Pacific Life shall file a declaration stating that all of the above has been completed.

7.      Service on Suzuki shall be deemed complete as of the date of the last publication.

8.      The deadline to complete service of process under Federal Rule of Civil Procedure 4(m) is extended from May 25, 2026, to October 23, 2026.

Finally, the case management conference set for September 22, 2026 is continued to February 2, 2027 at 1:30 p.m. via videoconference.  The joint case management statement is due on or before January 26, 2027.

IT IS SO ORDERED.

Dated: July 2, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

8